Raymond Leon BOONE, Jr.,
Petitioner–Movant–Respondent,

v.

Chyla Renee BOONE,
Respondent–Appellant,

Raymond Leon Boone, Sr., and Dean Boone, Intervenors–Respondents.

No. 16205.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 11, 1989.

Victor W. Head, Garrett & Woods, Monett, for respondent-appellant.

Tom W. Cardin, Cassville, for petitioner-movant-respondent.

W. Dale Burke, Burke & Sweeney, Monett, for intervenors-respondents.

PER CURIAM.

On June 5, 1984, the Circuit Court of Barry County dissolved the marriage of Chyla Renee Boone, appellant here, and Raymond Leon Boone, Jr., respondent here. The decree awarded custody of two children, Daniel (born July 13, 1978), and Cassieopia ("Cassie," born June 18, 1981), to their mother Chyla.

On July 31, 1985, the trial court awarded temporary custody of the two children to Raymond Leon Boone, Sr., and Dean Boone, intervenors below and respondents here. Raymond Leon Boone, Sr., is the paternal grandparent, and Dean Boone is his wife. The grandparents live in Dallas, Texas. The children made their home with intervenors and attended school in Dallas for approximately two years from the summer of 1985 until the summer of 1987. On July 6, 1987, on the motion of Chyla, the trial court set aside the temporary order of July 31, 1985, and restored the custody of the two children to Chyla.

On May 4, 1988, Raymond Leon Boone, Jr., filed a motion to modify, in which he sought custody of the two children. Also in May 1988, the custody of Daniel was transferred to his father under the Child Protection Orders Act, § 455.500, et seq. (L.1987, HB No. 598). Daniel remained with his father until a few days before the trial. The court held an extensive evidentiary hearing on December 7, 1988.

In a judgment entered December 30, 1988, the trial court awarded "principal care and custody" of the two children to intervenors, subject to reasonable visitation of each of the parents. The visitation terms were specific. The father was required to continue monthly payments of child support in accordance with the original decree of June 5, 1984, although those payments were to be made to intervenors rather than to the mother. The mother appeals.

The father of the children, as respondent here, has filed a brief in which he seeks to uphold the order of December 30, 1988. Intervenors, as respondents here, take the same position.

No purpose would be served in recounting the evidence at length. The trial court was not requested to make, and did not make, extensive factual findings. The record, however, supports the following statement of facts.

In late April or early May 1988, Jim Sinclair, who had been Chyla's live-in boyfriend for several years, physically abused Daniel over a period of several days. He whipped Daniel with "a leather belt with a buckle on it." Chyla testified Sinclair hit Daniel with the belt probably 15 times. Sinclair also whipped Daniel with a plastic "chopping board," an instrument about 18 inches long and a foot wide. During the course of that whipping, the handle of the board broke. There was also evidence that

Sinclair hit Daniel on the head with "work boots." As a result of these events, the proceeding under the Child Protection Orders Act was instituted. Another result was that Sinclair pleaded guilty to a charge of assault in the third degree.

There was evidence that Sinclair and appellant Chyla smoked marijuana in the presence of both children.

Daniel has some physical problems for which, while he was with intervenors in Texas, he obtained extensive treatment at a children's hospital in Dallas and participated in extensive therapy at home under the supervision of intervenor Dean Boone. While in Texas, Daniel's physical condition substantially improved, and so did his grades at school.

In 1984 or 1985, after the dissolution decree had been entered and Chyla had received custody of the children, intervenor Dean Boone found evidence that Cassie had been the victim of child molestation. There was evidence that the molesting had taken place over "a couple of years." The molester was the son of a baby-sitter. Some of the molestation took place in the presence of Daniel.

Although Daniel had been an outstanding student while attending school in Dallas, his grades went down significantly when he returned to his mother's custody in July of 1987.

The intervenors have a nice home in Dallas and appellant does not claim that intervenors are unfit custodians. Intervenors also own a house in Missouri which they rent to their son, respondent Raymond Leon Boone, Jr. Independent witnesses testified that the behavior of the children was significantly improved when they returned to Missouri from Texas, compared with what their behavior had been before intervenors had custody for the two years.

This court has examined the record in light of the contentions made by appellant. The judgment of the trial court was not against the weight of the evidence and, indeed, is fully supported by substantial evidence. No error of law appears. This court also determines that an extended opinion would have no precedential value. Rule 84.16(b), V.A.M.R.

The judgment is affirmed.

All concur.